IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


PAUL RATION, NELLIE RATION,
PRISCILLA RATION, and ETHELEEN MOSES,
Individually and as parent and next friend of
TYRELL MOSES and SHANIA MOSES,

       Plaintiffs,

v.                                                                                               No. CIV 03-110 BB/ACT

STALLION TRANSPORTATION, INC.,
and ADAMCZYK LUCJAN

       Defendants.


**MEMORANDUM OPINION AND ORDER**

THIS MATTER COMES before the Court on Plaintiffs' Motion to Compel Discovery (Doc. No. 19).  Having reviewed the motion, the memorandum in support, the exhibits, the response and the reply, the Court finds that the Motion will be granted in part and denied in part.  Plaintiffs filed this case in state court.  Defendants removed it to federal court on the jurisdictional grounds of diversity of citizenship pursuant to 28 U.S.C. § 1332.  The complaint alleges that a commercial tractor-trailer, driven by Defendant Lucjan, rear-ended a truck hauling a stock trailer.  Plaintiff  Paul Ration was driving the truck.  Mr. Ration and his passengers were injured in the accident and the roping steer in the stock trailer were killed or had to be destroyed because of their injuries.  The accident occurred on an interstate highway in New Mexico and was investigated by the state police.  Defendant Lucjan was cited for violating several Department of Transportation regulations  - 49 CFR 391.11(b)(2), inability to speak English; 49 CFR

391.11(b)(5), failure to have a commercial driver's license; and 49 CFR 395.8(e), having falsified his driver's log book.

New Mexico law applies to this diversity of citizenship case. Plaintiffs have pled theories of negligence *per se* relying on the violations of the federal regulations as part of their cause of action (Complaint ¶ ¶ 10, 11, 12 and 12 (sic)). The Complaint alleged that Defendant Stallion Transportation had required or allowed its employee or agent Defendant Lucjan to drive when fatigued, had entrusted the commercial truck to an unqualified driver, had negligently selected an unqualified driver and had negligently trained and monitored its employee or agent Defendant Lucjan (Complaint ¶ ¶ 17, 18, 19, 22 and 23).

Plaintiffs propounded their First Request for Production of Documents, and after reviewing them in light of Defendant Stallion's objections, revised them a month later. Nevertheless, the parties were unable to agree on the Request for Production of Documents and Plaintiffs filed this Motion to Compel. Many of the Defendant Stallion's objections are premised on the argument that the alleged violations of the federal regulations for which Defendant Lucjan was cited did not proximately cause the accident and the discovery surrounding those violations is not relevant to this accident.

Violations of a statute or regulation come under the legal theory of negligence *per se*. To prove negligence *per se* the Plaintiffs must show 1) a statute or regulation proscribes or defines a certain standard of conduct, 2) the Defendant violated the statute or regulation, 3) the Plaintiffs must be within the class of persons sought to be protected by the statute or regulation, and 4) the harm or injury to the Plaintiffs must be generally to be the type the legislature through the statute or regulation sought to prevent. *FDIC v. Schuchmann*, 235 F.3d 1217, 1223 (10th Cir. 2000).

Lastly, the Plaintiffs must prove that the violation of the statute or regulation proximately caused their damages, or in this case, the accident. *Pack v. Read,* 77 N.M. 76, 419 P.2d 435 (1966).

Defendant Stallion is not arguing that the first four requirements of negligence *per se* are not applicable here. A violation of a federal regulation can be the basis for a negligence *per se* action if the Plaintiffs are within the class of persons sought to be protected by the regulation. *FDIC v. Schuchmann*, supra at 1223-1224. The Department of Transportation regulations are designed to protect the motoring public and Plaintiffs were clearly within the class of persons sought to be protected by these regulation. *See* 49 CFR §325 et seq.

Defendant Stallion however argues that any alleged violations of the Department of Transportation regulations did not proximately cause the accident. The Court finds however that the issue of proximate cause is one of fact, which ultimately can only be decided by the trier of fact in this case. For example, the trier of fact may find, based on the evidence presented at trial, that the failure of the driver to have a commercial driver's license meant that he was untrained or did not have sufficient knowledge in the operation of commercial trucks on interstate highways, which lack of knowledge proximately led to the accident. Likewise, the trier of fact, may, based upon that evidence, find that Defendant Stallion negligently entrusted its tractor-trailer to an unlicenced or perhaps untrained driver. Whether or not negligence of the type alleged led proximately to the accident is an issue for the trier of fact.

The Federal Rule of Evidence 26(b) allows parties to discover relevant information "if the discovery appears reasonably calculated to lead to the admission of admissible evidence." The Court finds that many of the documents requested are discoverable. However, the Requests for Production of Documents are in many cases excessive, cumulative, overly broad or premature.

3

Therefore, the Motion to Compel is granted in part, with the following limitations:

| | | |
|---|---|---|
| Request for Production No. 1(a) | Registrations and titles | Granted in full. |
| Request for Production No. 1(b) | Log books of driver Defendant Lucjan | Not objected to but defendants' counsel unable to find.  Must be produced if located. |
| Request for Production No. 1(c) | Trip reports | Granted but only for 8 days prior to accident. |
| Request for Production No. 1(d) | Expense sheets | Granted but only for 8 days prior to accident. |
| Request for Production No. 1(e) | State entry and departure records | Granted but only for 8 days prior to accident. |
| Request for Production No.1(f) | Check point records | same as 1(e). |
| Request for Production No. 1(g) | Fuel receipts | same as 1(e). |
| Request for Production No. 1(h) | Lodging receipts | same as 1(e). |
| Request for Production No. 1(i) | Bills of lading or manifests | same as 1(e). |
| Request for Production No. 1(j) | Toll tickets | same as 1(e). |
| Request for Production No. 1(o) | Repair orders for six months before the accident | Granted in full. |
| Request for Production No. 1(q) | Previous drivers' log books of tractor if or when involved in an accident | Denied. |
| Request for Production No. 1(r) | Previous drivers' log books hauling trailer if or when the trailer was involved in an accident | Denied. |

4

| Request for Production No. 1(u) | Traffic tickets, warnings, or regulatory violations issued against either Defendant Lucjan or Defendant Stallion | Granted but only for three years prior to accident. |
|---|---|---|
| Request for Production No. 1(v) | Accident reports | Granted but only for three years prior to accident. |
| Request for Production No. 1(w) | Purchase order and specifications for trailer and tractor | Denied. |
| Request for Production No. 1(x) | Tachometer records | Granted if available, but only for day of accident |
| Request for Production No. 1(y) | On-board computer records of time/speed | Not objected to, but did not provide. Must be provided if available but only for day of accident. |
| Request for Production No. 1(z) | Dispatch or operational records | Granted but only for Defendant Lucjan and only for 8 days prior to accident. |
| Request for Production No. 1(dd) | Documents, letters to and from, terminal inspections, civil forfeiture or federal court documents in reference to violations of FMSCR | Granted but only for three years prior to accident. |
| Request for Production No. 1(ee) | Accident Investigation Reports | Granted but only for three years prior to accident and only to extent not redundant of 1(u) and 1(v). |
| Request for Production No. 1(gg) | Cargo pickup and delivery orders | Granted only if not covered by 1(i) and only for eight days prior to accident. |
| Request for Production No. 1(hh) | Written requests, letters of instruction for transportation of cargo prepared by Defendant Stallion or its brokers. | Granted but only to extent not covered by 1(i) or 1(gg) and only for eight days prior to accident. |

| | | |
|---|---|---|
| Request for Production No. 1(ii) | Receipts or other records of payment by Defendant Lucjan or by Defendant Stallion to persons, partnerships or corporations to Defendant Lucjan to load or unload trailers for six months prior to accident | Denied. |
| Request for Production No. 1(jj) | Daily condition reports | Granted but only for up to 8 days prior to accident. |
| Request for Production No. 1(kk) | Movement recording devices, documents or records | Granted but only for up to 8 days prior to accident. |
| Request for Production No. 1(ll) | Equipment and cargo loading or unloading documents | Denied. |
| Request for Production No. 1(mm) | Cargo freight bills | Denied. |
| Request for Production No. 1(nn) | Written instructions with regard to specific cargo | Denied. |
| Request for Production No. 1(oo) | Driver's trip check-in or financial information sheets | Denied. Cumulative. Covered by 1(c) and 1(d). |
| Request for Production No. 1(pp) | Fuel Mileage and purchase reports | Denied. Cumulative covered by 1(g). |
| Request for Production No. 1(qq) | Check or receipts for payroll or compensation for the trip | Granted but only as it relates to Defendant Lucjan and only for this tractor-trailer on this trip. |
| Request for Production No. 1(ss) | Trip leases or trip lease contracts | Denied. |
| Request for Production No. 1(tt) | Records or data from any GPS system used to keep track of this tractor-trailer | Granted but only for 8 days prior to accident, and only if not provided pursuant to 1(kk) |
| Request for Production No. 2 | "Truck" or other such file pertaining to this tractor-trailer | Denied. |
| Request for Production No. 3(m) | Payroll records for Defendant Lucjan | Granted but only for six months prior to accident. |

| | | |
|---|---|---|
| Request for Production No. 3(n) | Log books for six months prior to accident for Defendant Lucjan | Denied. |
| Request for Production No. 3(o) | Trip receipts or trip envelopes for six months prior to accident for Defendant Lucjan | Denied |
| Request for Production No. 3(p) | Documents showing communication checks by Defendant Stallion to Defendant Lucjan for six months prior to accident including documents showing where Defendant Lucjan received communication checks. | Denied |
| Request for Production No. 3(q) | Settlement sheets for loads hauled by Defendant Lucjan for Defendant Stallion six months prior to accident. | Denied. |
| Request for Production No. 3(r) | Permits for Defendant Lucjan to carry a gun | Denied. |
| Request for Production No. 3(w) | Personal and road expenses for Defendant Lucjan | Granted but only for 8 days prior to accident. |
| Request for Production No. 3(x) | Administrative type audits or investigations | Granted but only for state or federal audits or investigations conducted within one year before the accident. |
| Request for Production No. 4 | Documents reflecting Defendant Stallion's procedure for communication with Defendant Lucjan while driving or hauling for Defendant Stallion | Granted. |
| Request for Production No. 5 | Documents reflecting Defendant Stallion's procedure for determining when, where and Defendant Lucjan would load and haul | Granted. |

| | | |
|---|---|---|
| Request for Production No. 8 | Telephone credit cards, credit card numbers, "800" numbers used by Defendant Lucjan six months prior to accident. | Denied. |
| Request for Production No. 9 | Cell phone bills for Defendant Lucjan on day of accident. | Granted but only for day of accident. |
| Request for Production No. 10 | Documents reflecting correspondence between defendants and any issuing authorities for commercial drivers' licences for six months prior to accident | Denied. Covered by 3(a-l), (s-v), (aa-cc) and (ff). |
| Request for Production No. 11(a) | Defendant Stallion's Fleet Safety program | Granted in part. Defendant Stallion to produce documents relevant to type of vehicle being driven by Defendant Lucjan at time of accident. |
| Request for Production No. 11(b) | Actions taken by Defendant Stallion to assure drivers not violating federal regulations relating to maximum hours of work and maintaining accurate logs | Granted. |
| Request for Production No. 11(c) | Defendant Stallion's policies or programs for continued testing of drivers for competency and substance abuse | Granted. |
| Request for Production No. 11(d) | Defendant Stallion's truck and trailer maintenance standards | Denied. |
| Request for Production No. 11(e) | Defendant Stallion's Employee Assistance Program | Denied. |
| Request for Production No. 11(f) | Defendant Stallion's policies and programs for driver standards | Granted. |

| | | |
|---|---|---|
| Request for Production No. 11(g) | Defendant Stallion's policies and programs for firing drivers | Granted. |
| Request for Production No. 11(k) | Blank documents used for systematic inspection, repair and maintenance program and dispatch records for vehicle involved. | Denied. |
| Request for Production No. 12(a) | Insurance policy with all additions and deletions | Granted only as to declarations page of insurance policy and those portions of the policy dealing with punitive damages. |
| Request for Production No. 12 b-c) | Prior claims paid and total amount each insurance company would be liable | Denied. |
| Request for Production No. 12(d-e) | Loss control reports, other claims pending | Denied. |
| Request for Production No. 12(f) | Reservation or rights or denial of coverage for any defendant | Denied. |
| Request for Production No. 12(g) | Contracts from others to provide investigative or legal defense services for Defendant Stallion or Defendant Lucjan | Denied. |
| Request for Production No. 13 | Identifying information for anyone who may have brought lawsuit against Defendant Stallion for accident alleging Defendant Lucjan was fatigued or in violation of 49 CFR 395.3 | Granted but only to identify existence of any lawsuit involving Defendant Stallion and Defendant Lucjan involving such allegations. |
| Request for Production No. 16 | Purchase agreement for tractor-trailer | Denied. |
| Request for Production No. 17 | All bills, invoices, repair bills or estimates involving either vehicle involved in accident. | Denied as to tractor-trailer. Defendant Stallion agreed to produce repair bills for Plaintiffs' vehicles. |

| Request for Production No. 20 | Statements taken before or in anticipation of litigation or experts' statements | Denied as to statements taken in anticipation of litigation. Discovery of experts' statements premature. |
|---|---|---|
| Request for Production No. 21 | Witness's statements | Defendant Stallion has agreed to provide, if found. |
| Request for Production No. 23 | Defendant Lucjan's written or oral statements | Granted if not covered by a privilege or taken in anticipation of litigation. |
| Request for Production No. 25 | Correspondence, reports, documents showing substantial chance litigation would ensue before actual lawsuit filed | Denied. |
| Request for Production No. 26 | As above except documents showing a specific date or occurrence which gave Defendants good faith belief that litigation would ensue | Denied. |
| Request for Production No. 29 | Documents or records which would indicate Defendant Lucjan was regular user of marijuana within one year prior to accident | Granted if not previously covered by No. 3(a, f, g, i, j, l, , s, t, u, v, aa, bb). |
| Request for Production No. 30 | Documents or record which would indicate Defendant Lucjan was regular user of illegal substance within one year prior to accident | Granted if not previously covered by No. 3(a, f, g, i, j, l, , s, t, u, v, aa, bb). |
| Request for Production No. 45 | Settlement agreements | Denied. |
| Request for Production No. 47 | Investigative reports made by governmental agencies about accident | Denied to the extent this information is equally available to Plaintiffs. |

| Request for Production No. 48 | All documents reviewed while responding to these Requests or Interrogatories. | Denied. |
| --- | --- | --- |
| Request for Production No. 49 | Complaints, files, letters, documents describing similar matters as those alleged by Plaintiffs for five years prior to accident. | Denied. |
| Request for Production No. 50 | Discovery documents in causes of action filed against Defendants where allegations similar to those alleged by Plaintiffs | Denied. |
| Request for Production No. 51 | Materials, written or taped, which concern any inspection, investigation or mental impression of Defendants or their agents concerning this accident prepared prior to filing of lawsuit | Granted if not covered by a privilege or taken in anticipation of litigation and if not cumulative of 21, 23, 24 and 47. |
| Request for Production No. 53 | Photograph, videotape or depiction of Defendant Lucjan | Denied unless produced as part of 3(a-b). |
| Request for Production No. 56 | Documents and materials that Defendants contend support any affirmative defense Defendants intend to allege. | Denied. |
| Request for Production No. 57 | Unemployment claims, worker's compensation claims filed by Defendant Lucjan | Denied. |
| Request for Production No. 58 | Insurance or benefit plans that may have provided benefits to Defendant Lucjan as a result of the accident. | Denied. |
| Request for Production No. 59 | All documents in possession of Defendant Stallion's Safety Director, Director of Fleet Safety Program or Dispatcher that relate to accident. | Denied. |

CONCLUSION

While the Provisional Discovery Plan did not limit the number of Requests for Production, this example of Requests fully justifies setting limits on this form of discovery in the future.  The Court admonishes the attorney for the Plaintiffs that excessive, cumulative, and irrelevant discovery requests are not looked upon favorably, especially in a case like this one which is quite straightforward.  Likewise, the Court would admonish counsel for Defendant Stallion that blanket objections are also not looked upon favorably.  The Federal Rules of Civil Procedure are designed to ensure the just, speedy and inexpensive determination of every action.  The discovery rules are to be used for that end as well.

Congress responded to the problem of abusive litigation tactics with the adoption of the Civil Justice Reform Act, 28 U.S.C. §471 et seq. (CJRA), and subsequent revision of the Civil Rules of Civil Procedure.  Both the statute and the rule revisions are intended to address the dual problems of cost and delay. As a result, parties are no longer able to engage in carte blanche, unrestricted discovery in federal court.

Plaintiffs will not be allowed to submit additional Request for Production without leave of Court.  If future Requests are submitted to the Court for prior approval, the Requests  must be designed to discover only the facts necessary to resolve this case and must be reasonable in their scope and length.  Objections, like the Requests, must be consistent with the Rules, warranted by existing law, reasonable and not interposed for dely or any other improper purpose.  Fed. R. Civ. P. 26 (g)(2).

The attorneys are also reminded that civility, reasonableness and professionalism play as much a part of good lawyering as does zealous advocacy.  *See* A Creed of Professionalism of the

<u>New Mexico Bench and Bar</u>.

The Plaintiffs's Motion to Compel Responses to their Requests for Production of Documents is granted in part, as described in the body of the opinion. Plaintiffs' request for reasonable expenses including attorneys' fees is denied.

IT IS HEREBY ORDERED that Defendant Stallion respond to Plaintiffs' First Request for Production as set forth above within fifteen (15) days of the entry of this Order.

_____
ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE