## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

PAUL RATION, NELLIE RATION,
PRISCILLA RATION, and ETHELEEN MOSES,
Individually and as parent and next friend of
TYRELL MOSES and SHANIA MOSES,

        Plaintiffs,

v.                                     No. CIV 03-110 BB/ACT

STALLION TRANSPORTATION, INC.,
and ADAMCZYK LUCJAN

        Defendants.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER COMES before the Court on Plaintiffs' Motion for Leave of Court to Amend their Complaint to add a party.  The Court adopted the attorneys' provisional discovery plan which stated that the Plaintiffs would be allowed until June 18, 2003 to amend their pleading and add additional parties.  That deadline has now passed and the Plaintiffs seek to amend their complaint to add the Defendant Stallion Transportation, Inc.'s insurance carrier as a party.  Defendants oppose the motion.

Fed. R. Civ. P. 15(a) states that once the time allowed for amending the pleading as a matter of course has passed, a party may amend its pleading "only be leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Having reviewed the pleadings of the parties and the circumstances of the amendment, the Magistrate

Judge recommends that the Plaintiffs be allowed to amend their Complaint to add Scottsdale

Insurance Company as an additional Defendant.

## PROPOSED FINDINGS OF FACT

1.  Plaintiffs brought this action originally against two Defendants, Stallion Transportation, Inc and Adamczyk Lucjan.  The Defendants were the owner and driver respectively of a tractor-trailer that was involved in an accident with the Plaintiffs.

2.  On July 3, 2003, counsel for the Defendants stated, in a reply to a discovery motion, that the Stallion telephone number had been disconnected and that the likelihood of contacting Stallion did not look promising.

3.  Scottsdale Insurance Company was the insurance carrier for Stallion at the time of the accident.

4.  Stallion and its tractor trailer were involved in interstate commerce at the time of the accident and were subject to the mandatory insurance requirements of the Department of Transportation and its regulations.  49 CFR §387.7(a).

5.  New Mexico law allows the joinder of an insurance company as a party defendant if 1) the coverage was mandated by law, 2) it benefits the public, and 3) the law mandating coverage does not forbid joinder.  *Raskob v. Sanchez*, 126 NM 394, 970 P.2d 580 (1998).

6.  Neither the Department of Transportation regulations mandating insurance coverage for the interstate trucking industry nor the New Mexico Financial Responsibility Act forbid joinder of the insurance company as a party defendant.

7.  Both the federal regulations and the New Mexico Financial Responsibility Act mandate

insurance coverage for the benefit of the public.

## CONCLUSIONS OF LAW

1.  The Court is to give leave to amend a pleading freely when justice so requires.

2.  Amending the complaint to add Scottsdale Insurance Company as a party defendant will not prejudice the Defendants.

3.  Adding Scottsdale Insurance Company as a party defendant will not divest this Court of subject matter jurisdiction as there will continue to be complete diversity between the Plaintiffs and the Defendants.

4.  The Plaintiffs are given leave to amend their Complaint and are directed to file their Amended Complaint as soon as possible after the time for objections has expired.

## RECOMMENDED DISPOSITION

IT IS HEREBY RECOMMENDED that Plaintiffs' Motion for Leave of Court to Amend their Complaint to add Scottsdale Insurance Company as a Defendant be GRANTED.

## NOTIFICATION

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections to with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102, pursuant to 28 U.S.C. §636 (b)(1).  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed

3

findings and recommendations.  If no objections are filed, no appellate review will be allowed.

ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE