IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


PAUL RATION, NELLIE RATION,
PRISCILLA RATION, and ETHELEEN MOSES,
Individually and as parent and next friend of
TYRELL MOSES and SHANIA MOSES,

       Plaintiffs,

v.                                                                                  No. CIV 03-110 BB/ACT


STALLION TRANSPORTATION, INC.,
SCOTTSDALE INSURANCE COMPANY, and
LUCJAN ADAMCZYK,

       Defendants.


## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER COMES before the Court on Plaintiffs' Motion for Spoliation Sanctions. (Doc. No. 68).  Having reviewed the motion, the memorandum in support, the attached exhibits, and the response and its attached exhibits[1], the Court recommends  that the Motion be granted but recommends that the sanctions imposed be less severe than the Plaintiffs requested.

The Defendants were ordered to produce a variety of documents by an Order of this Court filed of record July 31, 2003. (Doc. No. 30).  The Plaintiffs have demonstrated that many of these documents, including the log book of Stallion's driver, Lucjan Adamczyk, and other documents

---

[1] The exhibits attached to the Defendant Stallion Transportation, Inc.'s Response to Plaintiffs's Motion failed to comply with D.N.M.LR-Civ. 10-6, which requires highlighting of those portions of the exhibits that the parties wish to bring to the Court's attention.  While the original was highlighted, the Court's copy was not.  As a result, the Court had to read the entirety of each exhibit.  Counsel is reminded to comply with the local rule in the future.

which could have established both the distance and the amount of time the driver had been driving the day of the accident have been destroyed by the owner of Stallion Transportation, Inc., Artur Kurpiewski and its safety director, Zigmund Kurpiewski.  Artur Kurpiewski testified in his deposition that he closed the business in April, 2003.  He and his father, Zigmund Kurpiewski, threw away most of the business records of the company several months later because they had no place to store them.

Federal regulations applicable to interstate trucking companies require that companies going out of business may not destroy its records "until all pending transactions and claims are completed."  49 C.F.R. §379.9.  Stallion Transportation was aware of this lawsuit and another pending claim arising from an accident in Arkansas.  Furthermore, The Kurpiewskis testified that they were aware of the pertinent federal regulations.  Nevertheless, Stallion Transportation threw away its records.  Artur Kurpiewski testified that he assumed the insurance company had all the documentation it would need.

The destruction of the business records pertaining to this accident and lawsuit is spoliation of evidence.  The spoliation however was not willful.  As the federal courts have noted, "Destruction of potentially relevant evidence obviously occurs along a continuum of fault – ranging from innocence through the degrees of negligence to intentionality."  *Welsh v. United States*, 844 F. 2d 1239, 1246 (6th Cir. 1988).  On this continuum, the destruction of this potentially relevant evidence is in the negligent range rather than the intentional range.  Defendant Stallion was aware of the lawsuit and the federal regulations.  Instead of checking with their insurance company or their attorney first, they chose to just throw away boxes of business records, not realizing the implication of their actions.  The destruction of the evidence was not

done in bad faith, with an intent to deceive or in an attempt to defeat this lawsuit.

A second factor to consider when imposing a spoliation sanction is the potential prejudice to the Plaintiffs. The Plaintiffs argue that they are unable to establish two key theories in their lawsuit without these documents: 1) that the driver Adamczyk was unqualified to drive a tractor-trailer in interstate commerce; and 2) that the driver Adamczyk was fatigued the day of the accident. Plaintiffs argue that one or both of these theories, once established, will prove to be the proximate cause of the accident.

Plaintiffs have been able to gather evidence relevant to their theory that Adamczyk was an unqualified interstate tractor-trailer driver. Through driving records, Adamczyk's own deposition, and the accident report (tending to show Adamczyk's inability to speak English to the investigating officers and that the log book showed Adamczyk was off duty at the time of the accident), Plaintiffs are able to present evidence in support of their unqualified driver theory.

The Plaintiffs have also been able to obtain evidence to establish their theory that Adamczyk's was fatigued from driving at the time of the accident. Two eye witnesses can testify as to Adamczyk's driving shortly before the accident, including an experienced tractor-trailer driver. But the Plaintiffs are unable to establish through Adamczyk's deposition how long he had been driving that day or what distance, as his memory was hazy at best and his testimony inconclusive. Without the log books or the dispatcher's records, the Plaintiffs are at a disadvantage in establishing their theory and are prejudiced by the spoliation of this evidence. See, e.g., *Restaurant Management Company v. Kidde-Fenwal, Inc.*, 1999-NMCA-101, 127 N.M.708, 986 P.2d 504 (Ct. App. 1999).

However, the Plaintiffs' expert, Donald Asa, was willing to state an opinion as to the

proximate cause of the accident, including that Mr. Adamczyk was knowing and intentionally diving in excess of the allowable hours in violation of the federal regulations based on his deposition testimony and the falsified entry in the log book.  Mr. Asa further stated in his affidavit that the documents that Stallion threw away "would have been helpful to the investigation" and would have included information whether Stallion was complying with certain regulations and requirements.  Thus, while the Plaintiffs have been prejudiced by the spoliation of this evidence, their expert is willing to state his opinions without it.

A third factor in determining the sanction to be imposed for the spoliation of evidence is whether the sanction sought would impose a substantial unfairness to the opposing party and yet will serve to deter such conduct in the future.  There are three defendants in this case - the driver Adamczyk, the trucking company Stallion Transportation, and the insurance company, Scottsdale Insurance Company.  Only Stallion Transportation spoiled the evidence. Yet the repercussions of the sanction will affect all three defendants.  The deterrence factor will not substantially affect the conduct of Stallion Transportation in the future as it is out of business and the owner and his father testified they are now in a different line of business.

## RECOMMENDED DISPOSITION

Therefore, in light of these three factors, and in order to be fair to the Plaintiffs but at the same time to avoid being unduly prejudicial to Defendants Adamczyk and Scottsdale Insurance Company, the Court RECOMMENDS the following as SPOLIATION SANCTIONS:

1. The trial judge determine, as a finding of fact, that the Defendants violated federal regulation 49 C.F.R. §379.9, Preservation of Records for companies going out of business;

2. The trial judge determine, as a finding of fact, that the Defendant Adamczyk falsified his log book showing that he was off duty at the time of accident in violation of 49 C.F.R. § 395.8e; and

3. The trial judge give the following jury instruction, modified as necessary to comport with the evidence presented at trial:

> You have heard testimony that Stallion Transportation destroyed business and employment records that would have been relevant to this accident and its driver Mr. Adamczyk.  These records were destroyed in violation of federal regulations that apply to interstate trucking companies like Stallion Transportation.
> You may infer, but are not required to, from the destruction of such records that had the records been introduced into evidence, they would have been unfavorable to Stallion Transportation.  You may further infer, but are not required to, that the records would have established that the driver Mr. Adamczyk was unqualified to drive a tractor-trailer in interstate traffic or that the driver Mr. Adamczyk was impaired by fatigue on the day of the accident or both.

## NOTIFICATION

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102, pursuant to 28 U.S.C. §636 (b)(1).  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE